Maurice Wahl, J.
This is a holdover proceeding to recover possession of business property consisting of a store and basement rented for the sale and storage of fox tails and paws, pursuant to provisions contained in subdivision (gg) of section 8 of the Business Rent Law (L. 1945, ch. 314, as amd. by L. 1959, ch. 809 then in force).
In the main, there is no dispute between the parties. Indeed, the controversy was submitted upon an agreed statement of facts.
The tenant has been in continuous possession of the premises since February 1,1940, under successive leases, paying increases to the landlord as required by the emergency rent laws, the most recent lease being dated March 4, 1957 covering the one-year period from February 1, 1957 to January 31, 1958. Except for the latter lease, all of the leases between 1940 and 1957 contained a prohibition against subletting. •
Despite such restriction, the tenant contends that with the knowledge and apparent consent of the landlord, he sublet and replaced said sublessees continuously during that 17-year period.
In March, 1957, at the trial of a summary proceeding between the same parties brought by the landlord upon the tenant’s alleged violation of his then lease by subletting, the landlord and tenant entered into a stipulation for the above-mentioned lease from February 1, 1957 to January 31, 1958; said lease dated March 4, 1957 expressly granted the tenant the right to sublease and a limited right to assign.
The lease dated January 4, 1960 offered by landlord in supposed compliance with the Business Rent Law differed from the *217 pre-existing March 4, 1957 lease in that it did not provide for the right of the tenant to sublet and to replace sublessees.
The landlord maintains that upon the expiration of the aforesaid March 4, 1957 lease, the tenant became a statutory tenant, and the right to sublet did not survive its expiration, and was not projected into the statutory tenancy.
The tenant argues that the right to sublet was projected into the statutory tenancy. Both sides submit authorities which are not apposite to the real issue in controversy. It is unnecessary to determine whether or not a history of many years of sub-lettings by the tenant gives him an unqualified right to sublet.
The norm of subdivision (gg) of section 8 of the Business Kent Law is that a substantially similar lease be offered. Landlord here omitted the equivalent of paragraphs 38 and 39 as contained in a rider of the expired lease dated March 4, 1957. The landlord’s argument that subletting privileges are not projected into statutory tenancies is of no moment here, because the question here is whether the proffered lease is substantially similar to the expired lease. It is true that subletting privileges are usually not projected into statutory tenancies, nevertheless, we are here not dealing with that situation. Under the expired lease, the landlord had granted that privilege and now seeks to obtain another lease. He is not seeking to enforce a statutory tenancy. However, the landlord wants the new lease, but omits therefrom an important covenant.
Final order for the tenant, dismissing the petition herein.